14 F.3d 604
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 William P. BURKE, Petitioner/Appellant,
v.
Patricia GOODRICH, et al., Defendants/Appellees.
 No. 91-3521.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 16, 1993.*
Decided Dec. 20, 1993.
 
 Before COFFEY, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 William P. Burke appeals the district court's dismissal of his petition for writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254. We affirm.
 
 
 2
 Burke was convicted by a jury in 1979 of first degree murder. This conviction was subsequently vacated, and Burke pled guilty to second degree murder. Burke received a sentence of twenty years imprisonment to run concurrently with his sentences for attempted armed robbery and concealing his identity while committing the crime of attempted armed robbery. While serving this sentence, Burke earned over 10 years "good time" credit pursuant to Wis.Stat. Secs. 53.11(1) and 53.12(1), and was released on parole in April, 1987 pursuant to Wis.Stat. Sec. 53.11(7). This release date was computed by subtracting the good time he earned from his full sentence. Burke thereafter violated his parole by absconding from parole supervision when he moved to Illinois. He was apprehended and again was incarcerated. In October 1988, the Corrections Division of the Department of Health and Social Services revoked Burke's parole and five years of his good time credit. Burke served additional time in prison and is now on parole once again.
 
 
 3
 Burke does not challenge the revocation of his good time credits, nor that he was denied a hearing before his parole was revoked. Rather, he contends that the interplay of Wisconsin statutes Sec. 53.11(1), Sec. 53.12(1) and Sec. 53.11(7) violates his Fourteenth Amendment due process rights and his Fifth Amendment right against double jeopardy. The district court held that only a Wisconsin state court can authoritatively interpret its own statutes, Waldorn v. McAtee, 723 F.2d 1348 (7th Cir.1983), and that the Wisconsin statutes do not conflict.
 
 
 4
 Burke fails to articulate why his constitutional rights were violated other than to point to what he perceives is a conflict in applying the three Wisconsin statutory provisions together. Sections 53.11(1) and 53.12(1) provide for good time, whereas Sec. 53.11(7) provides that after mandatory release, a prisoner remains in custody in the form of parole until the expiration of his sentence. Essentially, Burke labels a question of statutory interpretation as a constitutional violation. The Wisconsin Court of Appeals addressed this question of the interplay between sections 53.11(1), 53.11(7) and 53.12(1), Burke v. Goodrich, 453 N.W.2d 497 (Wis.App.Ct.1990), and found no conflict. The Wisconsin Supreme Court denied Burke's petition for review. Federal courts are bound by state court interpretation of state law. R.A.V. v. City of St. Paul, 112 S.Ct. 2538 (1992) (White, J. concurring); Schlesinger v. Councilman, 420 U.S. 738, 755 (1975) (state court "alone can define and interpret state law"). Perceived errors of state law are not cognizable on federal habeas review. Pulley v. Harris, 465 U.S. 37, 41 (1984). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, law or treaties of the United States." Estelle v. McGuire, 112 S.Ct. 475, 480 (1991). Because no such challenge is raised here, we AFFIRM the district court's dismissal of Burke's petition for writ of habeas corpus.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record